IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-MJ-01776-RN

**United States of America**,

v.

**Briley S. Wright**,

        Defendant.

**Amended Order**

Defendant Briley S. Wright recently entered a not guilty plea to the charges against him. Since Wright faces a up to a year in prison if convicted,[1] he has the constitutional right to have his case resolved by a jury. *Baldwin* v. *New York*, 399 U.S. 66, 68–69 (1970). He has, however, asked to waive his right to a jury trial and have a judge decide his case. D.E. 10. For the reasons below, the court denies that request.

The Federal Rules of Criminal Procedure set out several requirements that must be met before a defendant may waive his right to a jury trial. To begin with, the defendant must state, in writing, that he wishes to do so. Fed. R. Crim. P. 23(a)(1). Then, the United States must consent to that request. *Id.* Rule 23(a)(2). And finally, the court must approve it. *Id.* Rule 23(a)(3).

Here, Wright has submitted a written waiver of his right to a jury trial. But the United States has not consented to Wright's request to have the case resolved by a judge. Without that consent, the court cannot grant Wright's request. *See Patton* v. *United States*, 281 U.S. 276, 312 (1930)

---

[1] The United States has charged the defendant with violating the Assimilative Crimes Act by engaging in conduct that, if committed outside of a federal enclave, that would have violated North Carolina's prohibition on impaired driving. Criminal Information at 1. If convicted, the defendant is "subject to a like punishment" as if he had violated North Carolina law. 18 U.S.C. § 13(a). The maximum punishment the court can impose in that circumstance is 12 months in prison. *United States* v. *Kelly*, 989 F.2d 162 (4th Cir. 1993); *United States* v. *Kendrick*, 636 F. Supp. 189 (E.D.N.C. 1986).

("[B]efore any waiver can become effective, the consent of government counsel and the sanction of the court must be had[.]"). So Wright's motion is denied.

Dated: September 3, 2025.

*Robert T Numbers II*
ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE